JOHN A. EAMES *vs.* JOHN TRICKEY and another.

*Sale.   Trover.*

Trickey bought lumber of Eames who agreed to have it surveyed by Wm. Lunt, to be paid for according to his survey, which was done; and Trickey immediately re-sold the lumber, without seeing it, by the same survey:—*Held,* that Eames could not maintain trover against Trickey, even if one car-load of the lumber was accidentally omitted from the survey.

ON MOTION FOR A NEW TRIAL.

TROVER against John Trickey and Gilman Cram for 2373 feet of hard wood plank alleged in one count to have been taken July 3, and in the other Nov. 25, 1872, the writ bearing date Nov. 26, 1872. By the plaintiff's testimony it appeared that he contracted with Given & Co. to saw some hard wood logs for him, part of which he had sold to Thurston and Co. for $22 per M., and all the rest ("random stuff") he sold to Mr. Trickey, the defendant, on the second day of July, 1872, at $15 per M., Eames agreeing to procure a survey of the logs sold Trickey by William Lunt, and Trickey promising to pay for them, at the stipulated price, according to such survey, and take Eames' contract with Given & Co. for the sawing, off his hands. July 8, 1872, Mr. Lunt made his survey and Mr. Trickey gave his notes to Eames for the amount found due at the contract price, according to this survey, and immediately re-sold the lumber, upon the same day, to Mr. Cram, the other defendant, according to the same survey, which was made in Mr. Trickey's absence, and he never saw the lumber after it was surveyed. He also said that he originally purchased the lumber for Mr. Cram, and that the plaintiff knew this fact; and that he never heard of any trouble until two months afterwards; that he merely turned the trade over to Mr. Cram, upon that gentleman's undertaking to take care of the notes to Eames, and the contract for sawing with Given & Co.

Subsequently the plaintiff claimed to have discovered that a car-

Eames *v.* Trickey.

load of lumber, not included in Lunt's survey, was delivered with that which was surveyed to Trickey; that it was his (Eames') lumber, in excess of his contract with Thurston & Co., and therefore should have been taken by Trickey according to the terms of the arrangement between them. After considerable dispute about the propriety of the charge, and whether it belonged to him or to Thurston & Co. to pay, Mr. Cram, in his general settlement with the European and No. American Railway Co., paid the freight on this car-load of lumber; but swore that he did so to effect such settlement, and because, situated as he was, he did not want to quarrel with the Railway Company.

The jury found for the plaintiff and the defendants move to set aside this verdict as contrary to law and evidence.

*J. F. Godfrey,* for the plaintiff.

*H. L. Mitchell,* for the defendants.

RESCRIPT.

Upon the plaintiff's own version of this matter he bargained all the lumber he had, except what was to go to Thurston & Co., to Trickey, one of the defendants, to be surveyed by a person agreed upon and paid for according to the survey. The car of lumber in controversy Thurston refused to receive. It was the plaintiff's duty to procure the survey. He did it when Trickey was not present, and Trickey paid according to the contract. The plaintiff now claims that the contents of this car by mistake was not included in the survey, and brings this action of trover therefor against Trickey and his vendee. There is no evidence that Trickey ever saw the lumber after it was surveyed, or had anything to do with it, except to re-sell it on the same day, at the same survey, to the other defendant.

There is no proof that Trickey had any of the avails of the lumber in controversy, or that there was any co-partnership between him and his co-defendant. Under such a state of facts a vendor cannot maintain trover against his vendee.

*Motion sustained.*